UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

**BRIJESHKUMAR VINODBHAI PATEL**             **CIVIL ACTION NO. 1:26-CV-00241**

**VERSUS**                                                       **JUDGE S. MAURICE HICKS, JR.**

**BRIAN ACUNA, ET AL.**                                **MAGISTRATE JUDGE LEBLANC**

<u>**MEMORANDUM ORDER**</u>

Before the court is a Motion for Order to Show Cause (doc. 3) filed by Brijeshkumar Vinodbhai Patel ("Petitioner") through counsel. Petitioner is an immigration detainee at the Jena Correctional Facility in Jena, Louisiana, seeking release from detention. According to the petition, Mr. Patel is a national and citizen of India who entered the United States on or about September 17, 2023, without inspection or documents. Mr. Patel encountered immigration officials at the border and was detained for several days. Mr. Patel was served with a form I-220A Order for Release of Recognizance (ROR Order) on September 21, 2023, which is a form of conditional parole. Under information and belief Mr. Patel has been served with a Notice to Appear which stated that he was "an alien present in the United States who has not been admitted or paroled." Mr. Patel was arrested during a mandated ICE check-in, which he must attend to comply with his ROR Order.

Petitioner challenges the lawfulness of his continued immigration detention. He therefore seeks an order from this Court declaring his continued and prolonged detention unlawful and ordering Respondents to release him immediately from their custody. Petitioner asks the court to order the Government to respond to the petition within three days or, alternatively, no more than 21 days, pursuant to 28 U.S.C. § 2243.

Section 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the

>respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.
>
>The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

28 U.S.C. § 2243.

Generally, under §§ 2241 and 2243, a court may "adjust the scope of [a] writ in accordance with equitable and prudential considerations." *Danforth v. Minnesota*, 552 U.S. 264, 278 (2008). The court has discretionary authority to set deadlines under Rule 4 of the Rules Governing § 2254 cases which are applicable to petitions filed under § 2241. *See Maniar v. Warden Pine Prairie Corr*. Ctr., 6:18-cv-00544, 2018 WL 4869383, (W.D. La. 2018)[1]; *See also, Taylor v. Gusman*, CV 20-449, 2020 WL 1848073 (E.D. La. 2020).

Given this discretion under Rule 4, a court may "order [a] respondent to file an answer, motion, or other response within a fixed time, or . . . [may] take other action" in its discretion. *See Castillo v. Pratt,* 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001)(noting a court's discretion under Rule 4 "prevails" over the strict time limits of §2243). Before requiring a response or holding a hearing, a court may allow a respondent time to conduct a reasonable investigation. *See Baker v. Middlebrooks*, 2008 WL 938725 (N.D. Fla. 2008)(allowing 60 days to respond to a § 2241 habeas petition); *Hickey v. Adler*, 1:08-CV826, 2008 WL 3835764 (E.D. Cal. 2008)(same).

Accordingly, **IT IS ORDERED** that Petitioner's Motion for Order to Show Cause (doc. 3) is **GRANTED in part** and **DENIED in part**.

---

[1] Under Rule 1(b), the Rules Governing § 2254 Cases also apply to § 2241 habeas cases. *See Hickey v. Adler*, 2008 WL 3835764, (E.D. Cal. 2008); *Castillo v. Pratt*, 162 F.Supp.2d 575, 577 (N.D. Tex. 2001); *Wyant v. Edwards*, 952 F.Supp. 348 (S.D.W. Va. 1997).

Because prompt briefing is warranted, **IT IS FURTHER ORDERED** that Respondents file an answer to the petition (Doc. 1) within twenty-one (21) days of the date of this Order. Petitioner shall have seven (7) days after the answer is filed to reply. After the record is complete and delays have run, the court will determine if genuine issues of material fact exist that preclude summary judgment and necessitate an evidentiary hearing. If no hearing is necessary, a Report and Recommendation will be issued without further notice.

The Clerk of Court is **INSTRUCTED** that Shannon Smitherman with the U.S. Attorney's Office is to be provided a copy of this Order via email and granted access to the Petition for Writ of Habeas Corpus (doc. 1) and the docket in this matter.

**THUS DONE AND SIGNED** in chambers this 2nd day of February, 2026.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE